CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 20 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| DONALD C. HAAS, | ) | |
|     Plaintiff, | ) | Civil Action No. 5:06cv00091 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| BRISTOL-MYERS SQUIBB | ) | |
| COMPANY, et al., | ) | By: Samuel G. Wilson |
|     Defendants. | ) | United States District Judge |
| | ) | |

This is a personal injury action under the court's diversity jurisdiction, 28 U.S.C. § 1332, against defendants, Bristol-Myers Squibb Company (Bristol-Myers Squibb) and Otsuka America Pharmaceutical, Inc. (Otsuka), brought by the mother of Donald Haas, an incapacitated adult, in Haas' name arising out of his use of the prescription anti-psychotic medication, Ablify. This matter is before the court on the defendants' motion to dismiss because Haas lacks capacity and standing, and his mother, who is not Haas' legal guardian, cannot file this suit on his behalf. The court agrees that Haas' mother cannot sue on his behalf; however, the court concludes that it would be permissible to allow Haas' guardian to adopt the suit and substitute herself as the real party in interest, assuming qualified counsel represents her.[1]

I.

Haas is an adult male with a history of mental illness. On April 12, 2005, the Circuit Court for the City of Staunton, Virginia, entered an order that found that Haas lacked capacity and that

---

[1] Defendants have also moved to dismiss based on the statute of limitations. However, since Haas' mother lacks standing to represent her son it would be improper to reach the merits of the case if the court ultimately dismisses on that ground.

appointed Stella-Louise Sabados as his guardian.[2] On September 28, 2006 Haas' mother filed this personal injury action in her son's name against Bristol-Myers Squibb and Otsuka related to her son's use of Ablify. The defendants have moved to dismiss, claiming that Haas lacks capacity and standing to file the complaint, that his mother cannot represent him, and that Virginia's statute of limitations bars Haas' claims.

## II.

The court agrees with the defendants that Haas cannot maintain this action. Rule 17 of the Federal Rules of Civil Procedure provides that every action "shall be prosecuted in the name of the real party in interest." It must be brought "by a person who possesses the right to enforce the claim and who has significant interest in the litigation." See Va. Elec. & Power Co. v. Westinghouse Elec. Corp., 485 F.2d 78, 83 (1973). The Fourth Circuit has held that in a diversity case, "while the question of in whose name the action must prosecuted is procedural and governed by federal law, its resolution depends on the underlying substantive law of the state." Id. Here, under Virginia law, since Haas has been adjudged to lack capacity, Sabados, Haas' legal guardian, is the real party in interest and the proper individual to bring this suit. Va. Code Ann. § 37.2-1026; Cook v. Radford Community Hospital, Inc., 216 Va. 443, 451 (2000). The defendants have argued that since Va. Code Ann. § 37.2-1026 requires Sabados to bring this suit and she has not, the court must dismiss it without affording her the opportunity to adopt it. However, the procedure for effectuating the real party in interest rule is governed by federal law – Rule 17 – and that rule also provides:

---

[2] The court also appointed Dana Traynham as his standby guardian but her guardianship was terminated in February 2006.

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

Therefore, under Rule 17, the court should provide Sabados a reasonable amount of time to move, by counsel, for substitution.[3] If she does not do so, since neither Haas nor his mother can maintain the suit, the court will grant the defendants' motion to dismiss.

### III.

Although Sabados may substitute herself as the real party in interest and assert claims on Haas' behalf, she may not proceed pro se. Myers v. Loudoun County Public Schools, 418 F.3d 395 (2005), is instructive. There, the Fourth Circuit held that non-attorney parents generally may not represent their minor children in federal court. Instead, the litigation must be handled by counsel to ensure that "the children's interest are not prejudiced by the well-meaning, but legally untrained parents." Id. at 401. The same rationale applies to guardians appointed for individuals who are adjudged to lack capacity. Therefore, because this suit affects the rights of an incapacitated individual, if Sabados seeks to be substituted for Haas' mother, only an attorney admitted to practice in this court may file and sign the requisite pleadings and appear for Haas.

### IV.

For the foregoing reasons, the court will hold the defendants' motion to dismiss under

---

[3] Even if the court concluded that under Erie Va. Code Ann. § 37.2-1026 trumped Rule 17's procedural fix, that statute appears to permit a guardian to adopt the suit within 10 days of receiving notice from the clerk that the suit is pending. To date, courts that have interpreted § 37.2-1026 have not specifically addressed that notice provision.

advisement to allow Sabados reasonable time to move to be substituted for Haas.

**ENTER**: This August 20, 2007.

_____
UNITED STATES DISTRICT JUDGE